Dylan P. Todd (NV Bar No. 10456)
CLYDE & CO US LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, Nevada 89128
Telephone: (725) 248-2900
Facsimile: (725) 248-2907
Email: dylan.todd@cyldeco.us

Kevin R. Sutherland (*Pro Hac Vice Application to be Submitted*)
Autumn E. Lewis (*Pro Hac Vice Application to be Submitted*)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: kevin.sutherland@clydeco.us
       autumn.lewis@clydeco.us

Attorneys for Defendant,
SIGNATURE FLIGHT SUPPORT LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY COMPANY, dba STARR INSURANCE COMPANIES as Subrogee of GLF AIR, LLC., and 60-206, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, a Nevada corporation; SIGNATURE FLIGHT SUPPORT, LLC, a Nevada limited liability company; SIGNATURE FLIGHT SUPPORT OF NEVADA, INC., a Nevada corporation; DOES I - X, inclusive, and ROE CORPORATIONS I – X, inclusive<br><br>Defendants. | Case No.: 22-657<br><br>NOTICE OF REMOVAL OF SIGNATURE FLIGHT SUPPORT LLC TO UNITED STATES DISTRICT COURT<br><br>Action Filed:     January 31, 2022 |

/ /

/ /

TO THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendant Signature Flight Support LLC ("Signature"), by and through its attorneys, Clyde & Co US LLP, hereby removes this pending action from the Second Judicial District of The State of Nevada in and for the County of Washoe to the United States District Court for the District of Nevada pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.  This Court may and should take jurisdiction over this action for all purposes for the following reasons:

## INTRODUCTION

1. On March 28, 2022, plaintiff Starr Indemnity and Liability Company dba Starr Insurance Companies, as Subrogee of GLF Air, LLC ("Starr" or "plaintiff") filed with Second Judicial District of The State of Nevada in and for the County of Washoe the Amended Complaint bearing Case No.CV22-00151.  Counsel for Signature accepted service of the Amended Complaint the same day.  A true and correct copy of the Amended Complaint, and related documents (hereinafter collectively referred to as the "Amended Complaint") is attached hereto as Exhibit A.

2. In this subrogation action, Starr alleges that, on or about May 19, 2019, a 2000 Bombardier 60 Learjet bearing FAA No. N448GL ("subject aircraft") sustained damage while being towed by employees of fixed-base operator Signature at the McCarran International Airport, located in Las Vegas, Nevada (the "Incident").  *See* Amended Complaint, Exhibit A, p. 4.

3. As a result of the Incident, Starr alleges a cause of action for negligence and declaratory relief against Signature and seeks damages for alleged repair costs for the subject aircraft in the amount of $61,277.21 and damages for loss of use and for rental of a replacement aircraft in the amount of $279,413.23.  It is facially apparent from the complaint that plaintiff seeks damages in excess of $75,000.  *See* Amended Complaint, Exhibit A, pp. 3-6.

4. 28 U.S.C. Section 1446(b)(3) states that where removability is uncertain on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. Section

CLYDE & CO LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
Telephone: (725)248-2900

1446(b)(3).

5. 28 U.S.C. Section 1446(b)(2)(A) also requires that "all defendants who have been properly joined and served" must consent to the removal. In that regard, Signature is the only proper corporate defendant who existed as of the time of the filing of the Amended Complaint. Prior to the filing of the original complaint, all other named defendants ceased to exist as separate legal entities. Therefore, consent of these defendants was not required. *See* Declaration of Christine Mercadante, ¶¶ 3-13, Exhibits D-F.

6. 28 U.S.C. 1441(b)(1) states that, when removal is based on diversity grounds, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, because the other defendants are Doe and Roe Corporation defendants, no other party is required to consent to this removal.

7. On January 31, 2022, plaintiff filed the original complaint in the Second Judicial District of The State of Nevada in and for the County of Washoe, Case no. CV22-00151. However, the named plaintiff at that time was "Starr Insurance Companies" and no information regarding the citizenship of "Starr Insurance Companies" was included in the original complaint.

8. After meeting and conferring regarding proper parties to the lawsuit, on March 28, 2022, plaintiff filed the Amended Complaint and revised the name of plaintiff to "Starr Indemnity and Liability Company dba Starr Insurance Companies, as Subrogee of GLF Air, LLC," which is a Texas corporation with its principal place of business in New York. A true and correct copy of the Security and Exchange Commission Schedule 13D and Starr Insurance Companies' Legal Notice are attached hereto as Exhibits B and C, respectively.

9. Therefore, this matter first became removable on March 28, 2022, and Signature's removal, filed on April 20, 2022, is therefore timely. 28 U.S.C. Section 1446(b)(3).

10. Signature has served a copy of this Notice of Removal on Starr and will file a Notice of Filing of Notice of Removal with the Clerk of the Second Judicial District of The State of Nevada in and for the County of Washoe.

/ /

/ /

# I

# THIS COURT HAS DIVERSITY JURISDICTION

# BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

11. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties. Pursuant to 28 U.S.C. Section 1441(b), this case may be removed by Signature because it is a civil action between citizens of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As demonstrated below, because all requirements to remove this action are satisfied, this Court has original jurisdiction over this action and this case may be removed to this Court under 28 U.S.C. Sections 1332, and 1441.

A.  *Complete Diversity Exists*

12. For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. *See* 28 U.S.C. Section 1332(a)(2).

13. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. Section 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 92 (2002); *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992).

14. Plaintiff Starr Indemnity and Liability Company is incorporated in Texas and its principal place of business is New York. *See* Exhibits B and C attached hereto.

15. Therefore, for diversity purposes, Starr is a citizen of Texas and New York.

16. For purposes of diversity jurisdiction, a limited liability corporation ("LLC") is a citizen of all states where its members are citizens. *See Johnson v. Columbia Propes. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If any member of an LLC is itself a LLC, partnership, or association, the federal court must know the citizenship of each "submember" as well. *See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

17. Signature Flight Support LLC is a Delaware limited liability company and has a sole member, Signature Aviation USA, LLC, which is a Delaware limited liability company. Signature Aviation USA, LLC has two members: (1) Signature Aviation USA Holdings, Inc.,

CLYDE & CO LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
Telephone: (725)248-2900

1 which is a Delaware corporation whose principal place of business is in Orlando, Florida, and (2)
2 BBA Aviation Finance which is a United Kingdom entity with its principal place of business in
3 London, England.  *See* Declaration of Christine Mercadante, ¶¶ 11-12.

4   18. Therefore, for diversity purposes, Signature is a citizen of Delaware, Florida, and
5 the United Kingdom.

6   19. Generally, a corporation is deemed to be a citizen of any state in which it has been
7 incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).
8 However, when an action is filed after a corporate defendant is merged, the merged corporation's
9 domicile is not determinative of the court's jurisdiction.  *See Meadows v. Bicrodyne Corporation*,
10 785 F.2d 670, 672 (9th Cir.1986).  Rather, the corporate citizenship for diversity jurisdiction
11 purposes is determined based on the citizenship of the surviving entity.  *See Garand v. J.P.*
12 *Morgan Chase Bank, N.A.*, No. 3:10-cv-0212-LRH-VPC, 2010 WL 2695666, at *1 (D. Nev. July
13 2, 2010); *Meadows v. Bicrodyne Corporation*, 785 F.2d 670, 672 (9th Cir.1986).

14   20. Starr has also named Signature Flight Support Corporation as a party to the
15 Amended Complaint.  However, on December 31, 2019, Signature Flight Support Corporation,
16 which was previously a Delaware corporation with its principal place of business in Orlando,
17 Florida, was converted to Signature Flight Support LLC.  Therefore, Signature Flight Support
18 Corporation ceased to exist as a separate legal entity.  *See* Declaration of Christine Mercadante, ¶¶
19 3-6, Exhibits D-E.

20   21. Pursuant to NRS 92A.250, when corporations are converted, only the newly
21 constituted entity continues to exist.  NRS 92A.250(3)(b).

22   22. Starr has also named Signature Flight Support of Nevada, Inc. as a party to the
23 Amended Complaint.  However, on April 26, 2021, Signature Flight Support of Nevada, Inc.,
24 which was previously a Nevada corporation with its principal place of business in Orlando,
25 Florida, was merged into Signature Flight Support LLC and Signature Flight Support of Nevada,
26 Inc. was dissolved.  Therefore, Signature Flight Support of Nevada, Inc. has ceased to exist as a
27 separate legal entity.  *See* Declaration of Christine Mercadante, ¶¶ 7-10, Exhibit F.

28   23. Pursuant to NRS 92A.250, when corporations are merged, all previous entities cease

1 to exist and only the newly merged entity survives. NRS 92A.250(1)(a)

24. Because Signature Flight Support of Nevada, Inc. was merged into Signature Flight Support LLC prior to the filing of the present lawsuit, the citizenship of Signature Flight Support of Nevada, Inc. does not preclude the exercise of diversity jurisdiction in this matter. *See Meadows v. Bicrodyne Corporation*, 785 F.2d 670, 672 (9th Cir.1986).

25. Furthermore, because Signature Flight Support Corporation was converted to Signature Flight Support LLC prior to the filing of the present lawsuit, only the citizenship of Signature Flight Support LLC should be considered for diversity purposes. *Id.* Regardless, prior to the conversion, Signature Flight Support Corporation was a citizen of Florida and Delaware only, and its citizenship would not destroy diversity.

26. The defendants identified in the Amended Complaint as Does 1 to X and Roe Corporations 1 to X are merely fictitious parties against whom no valid claim can be alleged. Pursuant to 28 U.S.C. Section 1441(b), the citizenship of the defendants sued under fictitious names shall be disregarded.

27. In accordance with the foregoing, there exists complete diversity of citizenship between Starr and Signature for purposes of establishing diversity jurisdiction under 28 U.S.C. Section 1332(a)(2).

**B.     *The Amount In Controversy Exceeds US $75,000***

28. When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. Section 1446(c)(2).

29. In the Amended Complaint, Starr seeks damages for alleged repair costs for the subject aircraft in the amount of $61,277.21 and damages for loss of use for rental of a replacement aircraft in the amount of $279,413.23. In total, Starr seeks $340,690.44. *See* Amended Complaint, Exhibit A, pp. 3-6.

30. While Signature denies liability, for diversity purposes, the amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289, 58 S.Ct. 586, 590 (1938) (holding that inability to recover an

Case 2:22-cv-02011-GMN-CLB   Document 1   Filed 04/20/22   Page 7 of 8

1  amount adequate to give court jurisdiction does not show bad faith or oust court of jurisdiction).

2      31.    Here, it is facially apparent from the Amended Complaint that Starr seeks damages
3  in excess of $300,000 as a result of the incident. *See* Amended Complaint, Exhibit A, p. 3-6.

4      32.    Thus, it is shown by a preponderance of the evidence that the amount in
5  controversy exceeds the jurisdictional minimum of $75,000. *See Singer v. State Farm Mut. Auto*
6  *Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (holding that "facially apparent" standard is
7  appropriate in determining amount in controversy for removal purposes).

8      33.    "Once the removing party has established by a preponderance of the evidence that
9  the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a
10 legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital*
11 *Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (citation omitted). The legal certainty standard
12 is met where the "legal impossibility of recovery [is] so certain as virtually to negative the
13 plaintiff's good faith in asserting the claim." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822
14 (8th Cir. 2011) (citation omitted).

15     34.    In light of the foregoing, because there is complete diversity between Starr and
16 Signature and the amount in controversy exceeds the sum or value of $75,000, exclusive of
17 interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C.
18 Sections 1332 and 1441(a).

Dated: April 20, 2022        CLYDE & CO US LLP

By: **/s/ Dylan Todd**
    DYLAN P. TODD

    -AND-

    KEVIN R. SUTHERLAND
    (*Pro Hac Vice Application to be Submitted*)
    AUTUMN E. LEWIS
    (*Pro Hac Vice Application to be Submitted*)
    Attorneys for Defendant,
    SIGNATURE FLIGHT SUPPORT LLC

CLYDE & CO LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
Telephone: (725)248-2900

9173107v3     -7-

NOTICE OF REMOVAL OF SIGNATURE FLIGHT SUPPORT LLC TO UNITED STATES DISTRICT COURT

# **CERTIFICATE OF SERVICE**

As an employee of Clyde & Co US, LLP, I certify that a copy of the foregoing **NOTICE OF REMOVAL OF SIGNATURE FLIGHT SUPPORT LLC TO UNITED STATES DISTRICT COURT** was served by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Registered Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Dated: April 20, 2022

*/s/ Gina Brouse*
Gina Brouse