Dylan P. Todd (NV Bar No. 10456)
CLYDE & CO US LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
Telephone: (725) 248-2900
Facsimile: (725) 248-2907
Email: dylan.todd@clydeco.us

Kevin R. Sutherland (Admitted *Pro Hac Vice*)
Autumn E. Lewis (Admitted *Pro Hac Vice*)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: kevin.sutherland@clydeco.us
       autumn.lewis@clydeco.us

Attorneys for Defendants
SIGNATURE FLIGHT SUPPORT LLC; SIGNATURE FLIGHT SUPPORT CORPORATION; SIGNATURE FLIGHT SUPPORT OF NEVADA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY COMPANY, dba STARR INSURANCE COMPANIES as Subrogee of GLF AIR, LLC., and 60-206, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, a Nevada corporation; SIGNATURE FLIGHT SUPPORT, LLC, a Nevada limited liability company; SIGNATURE FLIGHT SUPPORT OF NEVADA, INC., a Nevada corporation; DOES I - X, inclusive, and ROE CORPORATIONS I – X, inclusive<br><br>Defendants. | Case No.: 3:22-cv-00179-LRH-CLB<br><br>**ORDER GRANTING**<br><br>JOINT STIPULATION FOR AN ORDER BIFURCATING LIABILITY AND DAMAGES AND REQUEST FOR AMENDMENT TO DISCOVERY AND SCHEDULING ORDER |

/ /

/ /

The parties, through their respective counsel, hereby stipulate that good cause exists for the Court to issue an order bifurcating liability and damages in this case as follows.

*Background of Matter*

This matter involves an incident that occurred on or about May 18, 2019, at the Harry Reid International Airport, located in Las Vegas when employees of defendant Signature Flight Support LLC ("SFS LLC"), a Fixed Base Operation ("FBO"), were towing a Citation 650 bearing Federal Aviation Administration ("FAA") Registration No. N820FJ ("Citation") when the wingtip of the Citation made contact with the 2000 Bombardier 60 Learjet, bearing FAA No. N448GL ("Aircraft"), causing damage to the baggage door ("Incident"). At the time of the Incident, the Aircraft was owned by 60-206, LLC and was insured by Starr Indemnity & Liability Company dba Starr Insurance Companies ("Starr").

Prior to the Incident, the Aircraft's pilot signed SFS LLC's Landing Card while at SFS LLC's FBO, which provided, in part, that "under no circumstances shall Signature be liable to the customer for indirect, consequential, special or exemplary damages, whether in contract or tort (including strict liability and negligence), such as, but not limited to, loss of revenue, loss of use or anticipated profits, diminution or loss of value, or costs associated with substitution or replacement aircraft." A true and correct copy of the Landing Card is attached hereto as Exhibit A. As a result of the Incident, Starr alleges that its insureds incurred $61,277.21 to repair the Aircraft (the "Repair Damages") and $279,413.23 of other damages for loss of use and rental aircraft expenses ("Other Damages"), all of which were paid by Starr pursuant to the insurance policy for the Aircraft. *See* Plaintiffs' Amended Complaint (ECF No. 1-2) at p. 3-4.

The parties have resolved Plaintiff's claims for the Repair Damages, and on September 12, 2022, the parties filed the Stipulation to Dismiss with Prejudice All Claims Regarding the Repair Damages. *See* ECF No. 36. On September 13, 2022, the Court granted the stipulation. *See* ECF No. 37.

As to the alleged claim for Other Damages, the parties agree that the facts of the Incident are not in dispute, and that liability of SFS LLC as to the Other Damages, is contingent only on the enforceability of the terms of the Landing Card. If there is no liability because of the Landing Card, then there will be no need to conduct discovery on damages. Once liability is determined, damages can be the focus of the case if liability is found.

*Good Cause Exists for the Court to Issue and Order Bifurcating this Case*

The parties hereby stipulate as follows:

WHEREAS, all claims regarding the alleged Repair Damages in the amount of $61,277.21 have been paid, fully resolved and dismissed with prejudice;

WHEREAS, how the damage to the Aircraft occurred is not in dispute, resolution of the issue regarding liability, namely the enforceability of the Landing Card, is the central and potentially dispositive issue in this case;

WHEREAS, the parties desire to conduct limited discovery relevant to or reasonably calculated to lead to the discovery of admissible evidence regarding why the Aircraft could not be flown, why repairs to the Aircraft took so long, the preparation and use of the Landing Card, facts regarding the pilot's execution of the Landing Card, and the enforceability of the terms of the Landing Card;

WHEREAS, at the conclusion of limited discovery, Plaintiffs STARR INDEMNITY AND LIABILITY COMPANY, dba STARR INSURANCE COMPANIES as Subrogee of GLF Air, LLC, and 60-206, LLC and Defendant SFS LLC will each file Motions for Summary Judgment on the enforceability of the Landing Card. The parties will then fully brief the issue;

WHEREAS, if the Court finds that there is an issue of fact preventing summary judgment then it will be necessary to have a trial on the issues surrounding the Landing Card. Once the Landing Card issues are determined, either through summary judgment or trial, and it is determined that the Landing Card waiver is valid, the case is concluded. However, if it is determined the Landing Card does not preclude SFS

LLC's liability then, discovery concerning damages and determination of damages will proceed; and

WHEREAS, the parties wish to amend the Court's scheduling order by vacating the pretrial deadlines contained therein until a time after the Court has issued an order on the Motions for Summary Judgment.

IT IS HEREBY STIPULATED by and between Starr and SFS LLC to request that the Court bifurcate liability and damages as follows:

1. The Motions for Summary Judgment will seek to determine whether the Landing Card and its terms are unenforceable or enforceable and whether the Landing Card prevents SFS LLC from being held liable for the Other Damages;

2. The parties will conduct limited discovery regarding the enforceability of the Landing Card in order to prepare and oppose cross Motions for Summary Judgment, which will likely include out-of-state depositions including, but not limited to, the deposition of the GLF Air, LLC pilot who signed the Landing Card, the owners of the Aircraft, and certain SFS LLC employees involved in the preparation of the Landing Card.

3. April 28, 2023 shall be the deadline for Starr and SFS LLC to file cross Motions for Summary Judgment.

4. June 12, 2023 shall be the deadline for the parties to file their Oppositions to the cross Motions for Summary Judgment.

5. July 12, 2023 shall be the deadline for the parties to file their Replies in support of cross Motions for Summary Judgment.

6. The parties agree to defer expert depositions and any other remaining discovery on the Other Damages until after the Landing Card issues have been resolved, either by the Motions for Summary Judgment or, if disputes of fact are found, by trial, except to the extent that such discovery is relevant to the Motions for Summary Judgment.

/ /

7. If the court determines through summary judgment that the Landing Card precludes SFS LLC's liability, the case will be concluded. After the resolution of the Motions for Summary Judgment, the parties request that the Court set a further status conference to identify and discuss if a trial is necessary and any remaining issues and to schedule any further discovery on damages and the joint pretrial order deadlines and proceedings. The parties will submit to the Court a joint statement addressing the foregoing subjects no later than ten (10) days before the further status conference.

IT IS SO STIPULATED.

Dated: November 7, 2022      CLYDE & CO US LLP

By: /s/ Autumn E. Lewis
DYLAN P. TODD

-AND-

KEVIN R. SUTHERLAND
(Admitted *Pro Hac Vice*)
AUTUMN E. LEWIS
(Admitted *Pro Hac Vice*)
Attorneys For Defendants
SIGNATURE FLIGHT SUPPORT LLC;
SIGNATURE FLIGHT SUPPORT
CORPORATION; SIGNATURE
FLIGHT SUPPORT OF NEVADA, INC.

Dated: November 7, 2022      GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Stephen S. Kent
STEPHEN S. KENT
Attorneys For Plaintiffs
STARR INDEMNITY AND LIABILITY
COMPANY, DBA STARR INSURANCE
COMPANIES AS SUBROGEE OF GLF AIR,
LLC., AND 60-206, LLC

IT IS SO ORDERED.

DATED: November 7, 2022      _____
United States Magistrate Judge

# EXHIBIT "A"



# N448GL

## Customer Information | Aircraft Information

| Customer Information | | | | Aircraft Information | |
|---|---|---|---|---|---|
| GLF Air LLC | | Pilot's Name | Tomas | LR-60 | N448GL |
| Company or Owner | | | | Aircraft Type | Tail Number |
| 701 Northeast Lakeview Terrace | | Cell Phone | 305-387-4026 | ETA 05/18/2019 12:36 | Open 5/18/2019 12:37 |
| Address 1 | | | | | |
| Address 2 | | Hotel | | ETD 0700 | Close Tues |
| Boca Raton | | Shuttle Pick-Up Time | | HANGAR | On-Line Time 0500 |
| City | | | | | |
| FL | 33431 | # of Pax Arriving | | RAMP | |
| State | ZipCode | | | | |
| +1 561 358 8829 | | # of Pax Departing | | POS Invoice Number | 9763 |
| Phone Number | | | | | |

### Aircraft Services

| | | | | | |
|---|---|---|---|---|---|
| Catering: | Y / N | 100LL [ ] | JET A [ ]   JET A W/FSII [ ] | Requested Time | |
| Number: | | Fuel Instructions: | | Completed Time | |
| Linens/Dishes: | Y / N | SL | | Fuel Truck | Fueler |
| Crew Car: | Y / N | | | ASR Ticket Number | 0 |
| Newspapers: | Y / N | Total Gallons Delivered: | | Oil Type and Instructions | |
| Coffee: | Y / N | Other Services: | | on departure | |
| Ice: | Y / N | | | GPU | Water |
| Fax Delivered: | Y / N | | | LAV  DA | Cabin Clean |

1: ""Signature"" refers to Signature Flight Support Corporation, or any of its subsidiaries. ""Customer"" refers to the legal entity for whom the services have been performed. ""Airport"" refers to the airport at which the services are performed. ""Services"" refers collectively to any products and services furnished by Signature to Customer.
2: Customer represents that it currently maintains policies of aircraft and commercial general liability insurance with respect to its aircraft, operations and maintenance, as well as, ""all risk"" type hull insurance on its aircraft and engines. In the event any third party claim is made against Signature Customer's insurance carrier shall provide primary coverage.
3: Customer agrees to indemnify, save and hold harmless Signature and the Airport from and against any and all claims, suits, damages, fines and penalties including all expenses, reasonable attorneys' fees and costs incidental to the defense of any claims arising out of Signature's acts or omissions, or the act or omissions of its directors, officers, employees, agents or assigns in connection with this Agreement, except to the extent such claims arise from the negligence or willful misconduct of Signature.
4: The parties agree that under no circumstances shall Signature be liable to the customer for indirect, incidental, consequential, special or exemplary damages, whether in contract or tort (including strict liability and negligence), such as, but not limited to, loss of revenue, loss of use or anticipated profits, diminution or loss of value, or costs associated with substitution or replacement aircraft.
5: Customer releases Signature from any damages sustained to Customer's aircraft or other personal property as a result of high winds or other adverse weather conditions.
6: In consideration of the Services provided by Signature, Customer agrees to pay all charges incurred for Services provided with respect to the aircraft described on this Agreement while located at the Airport, including reasonable attorneys' fees if collection is required. Signature shall have the right to retain possession of the aforementioned aircraft or its parts as security for the payment of Services.
7: By providing your email address, you authorize Signature Flight Support Corporation to contact you in the future with customer satisfaction surveys and information about products and services available through the BBA Aviation family of companies. Your email address will solely be used by Signature Flight Support Corporation and its affiliate companies within BBA Aviation and will not be shared with any other entity.

X _____                    LAV

**Signature**                                    **Date**

**Email Address**

On-File Credit Card     American Express
On-File Card#:          92007X03/23
Comments:

SFSLLC000050