UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY COMPANY, *et. al.*,<br><br>            Plaintiffs,<br><br>     vs.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, *et. al.*,<br><br>            Defendants. | Case No.: 2:22-cv-02011-GMN-CLB<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS** |

Pending before the Court is Defendant Signature Flight Support, LLC's ("Signature Flight's") Motion for Attorneys' Fees and Costs, (ECF No. 80). Plaintiff Starr Indemnity and Liability Company ("Starr Indemnity") filed a Response, (ECF No. 83), and Signature Flight filed a Reply, (ECF No. 89). For the reasons discussed below, Signature Flight's Motion for Attorneys' Fees and Costs is **DENIED**.

I.     **BACKGROUND**

This subrogation matter stems from property damage done to a privately owned non-commercial aircraft while it was parked at a third-party storage facility in Las Vegas, Nevada. The background facts of this matter were extensively recorded in an order on cross motions for summary judgment issued by the late Honorable Larry R. Hicks, Senior United States District Judge for the District of Nevada. (*See* Order on Summ. J., ECF No. 77). The Court incorporates those facts into this Order. Judge Hicks denied Starr Indemnity's Motion for Summary Judgment and granted Signature Flight's Motion for Summary Judgment on the then-outstanding Other Damages claim, declaring "there is only one inference that can be made from the undisputed facts: the pilot had apparent authority to execute the Landing Card, an enforceable contract, which included a valid limitation of liability clause, upon the Learjet's

arrival to Signature [Flight]'s Las Vegas [fixed base operation]." (*Id.* 6:1–4).  After final judgment was entered in favor of Signature Flight, Starr Indemnity appealed to the Ninth Circuit. (Not. Appeal, ECF No. 84).  Signature Flight now moves for an award of fees and costs. (Mot. Att'y's Fees, ECF No. 80).  In May 2024, the matter was randomly reassigned to the undersigned Honorable Gloria M. Navarro. (Clerk's Not., ECF No. 93).  After Defendants filed their Bill of Costs, (ECF No. 95), and the Clerk of Court reviewed the subsequent briefing, the Clerk taxed the costs in the amount of $11,235.09. (Costs Taxed, ECF No. 99); (Clerk's Memorandum, ECF No. 100).

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999).  In diversity actions, the Court "appl[ies] the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Comm.*, 197 F.3d at 1282.  In Nevada, attorneys' fees are not recoverable "unless authorized by statute, rule, or agreement between the parties." *First Interstate Bank of Nevada v. Green*, 694 P.2d 496, 498 (Nev. 1985).  Nevada Rule of Civil Procedure 68(f) provides a substantive right to attorneys' fees that may be enforced through Rule 54(d)(2). *MRO Comm.*, 197 F.3d at 1282–83.

## III.     DISCUSSION

In its motion, Signature Flight requests that the Court award prevailing party attorneys' fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule 68 of the Nevada Rules of Civil Procedure. (*See generally* Mot. Att'y's Fees).  Signature Flight also requests that the Court award costs in compliance with Local Rule 54-1. *Id.*  Rule 68 governs offers of judgment and imposes penalties when a party that rejects an offer fails to obtain a more

favorable judgment. Nev. R. Civ. P. 68(g).  If the rejecting party fails to obtain a more favorable judgment, the party:

> must pay the offeror's post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer.

Nev. R. Civ. P. 68(f)(1)(B).

Rule 68 provides a right to attorneys' fees if the *Beattie* factors weigh in favor of awarding such fees. *See, e.g.*, *Pleasant v. State Farm Fire & Cas. Co.*, Case No. 2:16-cv-01977-JAD-BNW, 2020 WL 4572316 (D. Nev. Aug. 7, 2020) (using Rule 68 as a substantive basis to award attorneys' fees to a prevailing party whose offer of judgment was rejected and where the *Beattie* factors weighed in favor of award).  The *Beattie* factors require the Court to consider "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).  An award of attorneys' fees is discretionary "where the district court properly considers these *Beattie* factors[.]" *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 136 (Nev. 2000) (citation omitted).  No single *Beattie* factor is outcome determinative, and each should be given appropriate consideration. *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 673 n.16 (Nev. 1998).  The first three *Beattie* factors "relate to the parties' motives in making or rejecting the offer and continuing the litigation, whereas the fourth factor relates to the amount of fees requested." *Frazier v. Drake*, 357 P.3d 365, 372 (Nev. App. 2015).  Therefore, the first

three *Beattie* factors "require an assessment of whether the parties' actions were undertaken in good faith." *Id.*

Signature Flight argues that it is entitled to attorneys' fees from the date it made the offer to Starr Indemnity—March 9, 2023—to the date of judgment because (1) Starr Indemnity rejected the offer, (2) Starr Indemnity failed to obtain a more favorable judgment, and (3) the second and fourth *Beattie* factors weigh in favor of awarding fees. (*See generally* Mot. Att'ys' Fees). In response, Starr Indemnity argues that (1) the *Beattie* factors weigh against awarding fees, (2) Signature Flight's offer of judgment was defective because it did not state that it would remain open for 14 days, and (3) certain costs sought by Signature Flight are not permitted. (*See generally* Resp., ECF No. 83). In reply, Signature Flight argues that (1) all four *Beattie* factors weigh in favor of awarding fees, (2) its offer of judgment was not defective, and (3) it is entitled to all costs as the prevailing party. (*See generally* Reply, ECF No. 89).

**1. Factor One: Good Faith Basis**

Starr Indemnity begins with the first *Beattie* factor, alleging that it had a good faith basis for bringing its claims. (Resp. to Mot. Att'ys' Fees 8:11–15). In the Reply, Signature Flight claims that its rejection of Starr Indemnity's pre-litigation demands shows that Starr Indemnity's claims were not brought in good faith. (Reply 7:3–11). The Court disagrees. Although Judge Hicks granted summary judgment in favor of Signature Flight, there is nothing in the record suggesting Starr Indemnity brought its claims in bad faith. *See JB Carter Enterprises, LLC v. Elavon, Inc.*, Case No. 2:18-cv-00394-JAD-NJK, 2024 WL 1199611, at *2 (D. Nev. Mar. 20, 2024) (reasoning that the lack of success on certain claims did not mean that they were not pursued in good faith). This matter proceeded to litigation only after Starr Indemnity's efforts to resolve its claims outside the Court were unsuccessful. Therefore, the Court finds that this factor weighs against awarding fees.

### 2. Factor Two: Reasonableness of the Signature Flight's Offer of Judgment

As to the second *Beattie* factor, it is undisputed that Signature Flight made an offer of judgment to Starr Indemnity in the amount of $100 on March 9, 2023. (*See* Offer of J., Ex. B to Mot. Att'ys' Fees, ECF No. 80-3). Although Starr Indemnity points out that the offer does not state it will remain open for 14 days, the offer makes clear that it was made for the purposes specified in Rule 68 of the Nevada Rules of Civil Procedure which encompasses the minimum 14-day open offer period. (*See id.* at 3). As to the Rule's text, the Ninth Circuit has reasoned that "an offer must remain open for fourteen days, and it may be either accepted or rejected." *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1188 (9th Cir. 2022). Here, there has been no violation of Rule 68's 14-day open offer rule. The offer was made by Signature Flight pursuant to Rule 68, it remained open for at least 14 days, and was not accepted by Starr Indemnity. Therefore, the Court finds that Signature Flight's offer of judgment was not defective for the specific reason posited by Starr Indemnity. The Court also finds that the offer was reasonable in timing as it was made well prior to the parties' cross-motions for summary judgment and anticipated trial.

But whether the offer was reasonable in its amount or brought in good faith is more complex. Signature Flight argues that its $100 offer of judgment was "an act of good faith" because it believed that the Landing Card was enforceable and that it was not responsible for the Other Damages. (Mot. Att'ys' Fees 6:14–27). Starr Indemnity argues that the $100 offer was "text book [sic] bad faith" and not made to settle the case "but to set up a later motion for fees and costs based on a very low ball offer." (Resp. 9:6–7)

The Nevada Supreme Court has stated that "there is no bright-line rule that qualifies an offer of judgment as *per se* reasonable in amount; instead, the district court is vested with discretion to consider the adequacy of the offer and the propriety of granting attorney fees." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 258 (Nev. 2012). Here, the amount

of Signature Flight's offer—$100— is so far removed from and below the value Starr Indemnity placed on its Other Damages claim—$279,413.23—that it can only be considered nominal and unreasonable.[1]  Not only is the offer unreasonable compared to the value attached to the claim by Starr Indemnity, it is also unreasonable compared to the settlement value of the Repair Damages claim and the amount of attorneys' fees and costs Signature Flight requests in the pending motion.  It is hard to perceive a $100 offer to settle a $280,000 claim as a good faith attempt to resolve the claim and such a nominal offer aligns more closely with an attempt to create the foundation to bring a motion for attorneys' fees.  As such, the Court finds that Signature Flight's offer of judgment was unreasonable in amount and brought in bad faith. Therefore, the Court finds that the second *Beattie* factor also weighs against awarding attorneys' fees.

### 3. Factor Three: Decision to Reject Offer

As to the third *Beattie* factor, district courts in the Ninth Circuit have reasoned that "grossly unreasonable" and "bad faith" require much more than poor judgment or incorrect tactical decisions. *See Assurance Co. of America v. Nat'l Fire & Marine Ins. Co.*, Case No. 2:09-cv-1182-JCM-PAL, 2012 WL 6626809, *3 (D. Nev. Dec. 9, 2012); *HSBC Bank USA Nat'l Ass'n as Tr. for Registered Holders of Ace Sec. Corp. v. Suzannah R. Noonan IRA, LLC*, Case No. 2:16-cv-01216-KJD-NJK, 2020 WL 5437726, at *2 (D. Nev. Sep. 10, 2020). Nothing in the record suggests that Starr Indemnity rejected Signature Flight's Rule 68 offer in bad faith or that its rejection was grossly unreasonable.  If anything, Starr Indemnity's decision to forego Signature Flight's $100 offer of judgment as to the Other Damages claim was reasonable as it had already resolved the Repair Damages claim for the full value attached to that claim.  Resolving the Repair Damages claim for its assigned value gave Starr Indemnity

---

[1] Starr Indemnity's Repair Damages claim valued at $61,277.21 was resolved by the parties before either side made offers of judgment. (Order Granting Stip. Damages, ECF No. 40).

the reasonable expectation that the Other Damages claim was meritorious and viable, particularly as to the claim's value.  The Court finds that the third *Beattie* factor weighs against awarding fees.

### 4. Factor Four: Reasonableness of Fees Sought

The fourth *Beattie* factor "does not have any direct connection with the questions of whether a good-faith attempt at settlement has been made or whether the offer is an attempt to force a plaintiff to forego legitimate claims." *Frazier*, 357 P.3d at 372.  Instead, this factor requires the Court to consider the factors set out in *Brunzell v. Golden Gate Nat'l Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969) (citations omitted).

The *Brunzell* factors collectively weigh in favor of awarding attorneys' fees in this case.  It is undisputed that Signature Flight's counsel is experienced and high-quality trial counsel.  It is further undisputed that Signature Flight's counsel devoted a substantial amount of time and labor to litigating this matter, a matter that involved nuanced contract, aviation, and agency issues.  Moreover, there is no denying that counsel performed skillful work and dedicated a great deal of attention and time to litigation.  The fourth *Brunzell* factor is also satisfied because Signature Flight prevailed at summary judgment.  The four *Brunzell* factors suggest that the fourth *Beattie* factor weighs in favor of awarding attorneys' fees here.

Regardless, after carefully weighing all four *Beattie* factors, the Court finds that an award of attorneys' fees is not warranted in this case.  In *Beattie*, the Nevada Supreme Court stated, "while the purpose of NRCP 68 is to encourage settlement, it is not to force plaintiffs

unfairly to forego legitimate claims." 668 P.2d at 274. The Court will not use Rule 68 as a vehicle to punish Starr Indemnity for rejecting an unreasonably low $100 offer of judgment when acceptance of that offer would have forced Starr Indemnity to forego its legitimate Other Damages claim. The Nevada Supreme Court has purposefully required courts to consider the good faith motives of parties in assessing Rule 68 offer of judgments to avoid that exact outcome. *See Frazier*, 357 P.3d at 372–73. Moreover, the Court finds that Signature Flight's offer did not encourage fair settlement of the outstanding claim given the totality of damages that were at issue in this litigation. Thus, the Court will not award attorneys' fees in this matter because the first, second, and third *Beattie* factors—factors that encompass the good faith spirit of Rule 68—weigh against such an award.[2]

Lastly, Signature Flight's request that the Court order Starr Indemnity to pay $21,527.93 in costs pursuant to Local Rule 54-1 is resolved by the recent Clerk's Memorandum and Order, (ECF Nos. 99, 100), taxing costs in the amount of $11,235.09.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Signature Flight's Motion for Attorneys' Fees and Costs, (ECF No. 80), is **DENIED.**

**DATED** this   29   day of January, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[2] Denying fees in this matter also aligns with the Court's reasoning in *Frazier v. Drake*, 357 P.3d 365 (Nev. App. 2015). In *Frazier*, the Nevada Court of Appeals concluded that where "the district court determines that the three good faith *Beattie* factors weigh in favor of the party that rejected the offer of judgment, the reasonableness of the fees requested by the offeror becomes irrelevant, and cannot, by itself, support a decision to award attorney fees to the offeror." *Id.* at 373. In this Order, the Court determined that the three good faith *Beattie* factors weigh against an award of fees, rendering the reasonableness of the fees requested by the offeror, alone, insufficient to support an award of fees to the offeror.