## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY COMPANY, *et al.*,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>SIGNATURE FLIGHT SUPPORT CORPORATION, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-02011-GMN-CLB<br><br>**ORDER** |

Pending before the Court is the Memorandum, (ECF No. 106), entered by the United States Court of Appeals for the Ninth Circuit affirming in part and reversing in part the Court's Order Granting Defendants' Motion for Summary Judgment, (ECF No. 77). The Ninth Circuit entered a Mandate, (ECF No. 107), on October 14, 2025, hereby transferring jurisdiction back to this Court.

In March 2024, this Court granted Defendants Signature Flight Support Corporation, Signature Flight Support of Nevada, Inc., and Signature Flight Support, LLC's ("Signature") Motion for Summary Judgment. (*See* Order, ECF No. 77). Plaintiff Starr Indemnity and Liability Company appealed. (*See* Not. Appeal, ECF No. 84). The Ninth Circuit affirmed this Court's determination that the limitation of liability provision contained in Signature's landing card was not unconscionable. (Mem. at 2, ECF No. 106). However, the Ninth Circuit reversed this Court's finding as a matter of law that contract pilot Thomas Troncone had apparent authority to bind Patrick Marino to the limitation of liability provision contained in Signature's Landing Card. (*Id.*). The Circuit explained that, under Nevada law, "[a]pparent authority, including a third party's reasonable reliance on such authority, is a question of fact." (*Id.* at 3). The Circuit concluded that a genuine dispute of material fact exists as to whether it was

reasonable for Signature to conclude that Troncone had apparent authority to bind Marino to the limitation of liability provision. (*Id.* at 3–4).  The Circuit also found a genuine dispute of material fact as to Troncone's actual authority to consent to the limitation of liability provision. (*Id.* at 5).

Because the Ninth Circuit concluded that there are two genuine disputes of material fact at issue in this case, these issues shall proceed to trial.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall have thirty days from the date of this Order to file a jointly proposed pretrial order pursuant to LR 16-3(b) using the form provided in LR 16-4.

The Clerk of Court is kindly directed to re-open this case.

**DATED** this __27__ day of October, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court