UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STARR INDEMNITY AND LIABILITY
COMPANY d/b/a STARR INSURANCE
COMPANIES AS SUBROGEE OF GLF
AIR, LLC and 60-206, LLC,

Plaintiffs,

v.

SIGNATURE FLIGHT SUPPORT
CORPORATION, SIGNATURE FLIGHT
SUPPORT, LLC and SIGNATURE FLIGHT
SUPPORT OF NEVADA, INC.,

Defendants.

Case No. 2:22-cv-02011-GMN-EJY

**ORDER**

Pending before the Court is what is in effective and at its core a request by Defendant Signature Flight Support, LLC ("Signature" or "Signature Flight") to reopen discovery following remand by the Ninth Circuit Court of Appeal.  The parties are well versed in the history of this case.  Thus, only those facts pertinent to the Court's decision are repeated here.

**I.      Relevant Background**

This matter was removed to federal court by Signature on April 20, 2022.  ECF No. 1.  The Amended Complaint, which remains the operative complaint, alleges, among other things, that this subrogation action is brought by Starr[1] against Signature to recover $279,413.23 it paid in "additional rental aircraft extra expense" to its insureds GLF Air, LLC and 60-206 LLC.[2]  ECF No. 1-2 ¶¶ 11-1, 15, 25.  Discovery commenced in this action on June 15, 2022 (ECF No. 31), and on November 11, 2022, the parties entered into a Joint Stipulation for an Order Bifurcating Liability and Damages and Request for Amendment to Discovery and Scheduling Order (the "Stipulation" or "November 2022 Stipulation").  ECF No. 40.  In the Stipulation, the parties agreed that issue of

---

[1]      Starr Indemnity and Liability Company d/b/a Starr Insurance Companies as subrogee of GLF Air, LLC and 60-206, LLC is referred to herein as "Starr."

[2]      The $279,413.23 paid by Starr to GLF Air, LLC and 60-206, LLC—identified as Starr's insured—is referred to herein as the "Loss of Use/Rental Damages."

liability as to the Loss of Use/Rental Damages of an aircraft (a Citation 650) was "contingent only on the enforceability of the terms of the Landing Card" signed by the pilot of the aircraft while at Signature Flight's Fixed Base Operation. *Id*. at 3. To this end, the parties identified the enforceability of the Landing Card as "central and potentially dispositive" of the issues in the case. *Id*.

The parties also agreed to conduct a limited scope of discovery. *Id*. Relevant to the instant dispute, discovery was limited to "the preparation and use of the Landing Card, facts regarding the pilot's execution of the Landing Card, and the enforceability of the terms of the Landing Card" that affected a waiver of "indirect, consequential, special or exemplary damages, whether in contract or tort … such as, … loss of use … or costs associated with substitution or replacement aircraft." *Id*. at 2. The Stipulation further stated that "[o]nce the Landing Card issues are determined, … and it is determined that the Landing Card waiver is valid, the case is concluded. However, if it is determined the Landing Card does not preclude … [Signature's] liability, then discovery concerning damages and determination of damages will proceed …." *Id*. at 3-4. A briefing schedule for summary judgment was established, agreement to defer expert depositions was reached, and, without consideration of the possibility of an appeal, the parties agreed that "[a]fter the resolution of the Motions for Summary Judgment, the parties request that the Court set a further status conference to identify and discuss if a trial is necessary and any remaining issues and to schedule any further discovery on damages …." *Id*. at 4-5.

The Order deciding summary judgment was issued by the district court on March 28, 2024. ECF No. 77. As summarized by the Ninth Circuit, the court correctly determined that the limitation on liability in the Landing Card was not unconscionable, but erred when it found the pilot had apparent authority to bind the owner of the Citation 650 to those limitations. ECF No. 106 at 3. The Ninth Circuit found a question of fact regarding whether the pilot had apparent authority and, even if the pilot had such authority, there was "a factual dispute as to whether the scope of that apparent authority extend[ed] … to consenting to the limitation of liability" at issue. *Id*. at 4-5. The Ninth Circuit "affirmed in part and reversed in part" without providing direction regarding what should or could be considered on remand. *Id*. at 5.

After the January 23, 2026 status conference (ECF No. 123), a joint status report (ECF No. 130), and supplemental briefing (ECF Nos. 135, 136), the issue before the Court is whether Signature should be allowed to reopen discovery not only to address damages and the issues remanded regarding the pilot's apparent authority relating to the Landing Card, but also to inquire into "whether Starr is in fact a legal subrogee of 60-206 LLC …." ECF Nos. 135 at 4; 136 at 2.[3]

## II.   The Parties' Arguments

   a.   <u>Signature Flight</u>.

Signature Flight argues that for Starr to prevail on its action, it "must show that it is subrogated to the rights of 60-206 LLC …." ECF No. 135 at 4. Signature contends that while Starr's Amended Complaint alleges 60-206 LLC is an insured under its policy, insurance documents show it is not. *Id.* Signature states it denied Starr's allegations that 60-206 LLC was an insured (*id.* citing ECF No. 8) and submits that "[a]ll discovery … reveals … the aircraft was not being operated by the named insured, GLF Air LLC as required by the policy." *Id.* Signature Flight concludes that if it is correct, Starr "has no standing to bring this subrogation action." *Id.*

Signature points to the November 2022 Stipulation to justify its reason for not conducting discovery into the issue of Starr's status as a proper subrogee and, thus, Starr's standing during thirteen months of discovery that preceded summary judgment. *Id.* at 2-3, 4, 7-8. Signature says its failure to conduct such discovery is the result of language limiting discovery to issues related to the Landing Card and indicating that after summary judgment motions were resolved the Court would hold a "status conference … to discuss 'if a **trial is necessary and any remaining issues**, and to schedule any further discovery on damages ….'" *Id.* at 2-3 (quoting ECF No. 40 ¶ 7) (emphasis in original). Signature contends the "any remaining issues" language contemplates and includes "[t]he issue of whether Starr is in fact a legal subrogee of 60-206 LLC," an issue that "may well be determinative of this case." *Id.* at 4.

---

[3]   Starr's submission violates well established local rules requiring all PDF submission to be in searchable format. LR IA10-1(b); LR IC2-2(a)(1). Starr is warned that failure in the future to comply with this rule may result in striking its submission to the Court. LR IA10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules.").

Signature Flight says it is Starr's burden to demonstrate "it has the ability, as a subrogee of an entity not insured under its policy, to maintain this action." *Id*. Signature points to potentially limited discovery needed to address the subrogation issue; however, this is not the Court's primary concern; so, those limitations are not discussed here.

Importantly, Signature does not contend it was unaware of the subrogation issue or documents it now relies on to support the argument in favor of expanding discovery beyond what was agreed to in the November 2022 Stipulation. In fact, as stated above, Signature plainly states it denied Starr's allegations that 60-206 LLC was a Starr insured at the time it answered the Amended Complaint in April 2022. ECF No. 135 at 4 *citing* ECF No. 8. *See also* ECF Nos. 135-1, 135-2, and 135-3 on which Signature relies to demonstrate Starr is not a proper subrogee of 60-206 LLC. As discussed below, these documents appear to have been produced with Starr's initial disclosures in June 2022. *Supra* at 9.

Signature Flight provides one to two sentence discussions of each element found in Ninth Circuit case law the Court must consider when discussing whether to grant reopening of discovery. *Id*. at 7 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060) (9th Cir. 2017)). Signature is correct that there is, in fact, no trial date set and that Starr opposes Signature's discovery request. *Id*. In conclusory fashion, Signature next contends that "[b]ecause the discovery issue falls within … [Starr's] burden of proof, there should be no prejudice." *Id*. Interestingly, Signature submits: "There are no new issues to be raised." *Id*.

With respect to diligence, Signature offers: "because the parties pursued the exclusive issue of authority and validity of the [Landing Card] waiver [language], liability discovery was set aside and there has been no lack of diligence … at this juncture."[4] *Id*. Regarding foreseeability, Signature states "the [p]arties and the Court contemplated" summary judgment would address the limited liability issue related to waiver and authority. *Id*. Finally, Signature says the discovery they seek is relevant because it will "significantly impact … [Starr's] "ability to maintain this action" and could be dispositive. *Id*.

---

[4] Signature cites no language in the November 2022 Stipulation setting aside liability discovery. Indeed, the Stipulation makes clear that whether Signature has any liability for amounts Starr seeks to recover will be determined by the enforceability of the Landing Card. ECF No. 40 at 3-4.

What Signature does not do is explain and support with persuasive reasoning why the predicate issue of Starr's standing to bring this action—an issue Signature now says will "significantly impact … [Starr's] ability to maintain this action" and could be case dispositive (*id*. at 7)—was not either part of the limited discovery Signature agreed to in November 2022 or otherwise reserved for future discovery.  Moreover, Signature is silent with respect to discovery it could have conducted between June and November 2022 before the limiting stipulation was agreed to and filed.  Signature also ignores that it pleaded Starr lacked "standing and/or capacity to bring this action" as its Second Affirmative Defense to Starr's Amended Complaint in April 2022 and denied 60-206 LLC was Starr's insured in its Answer to the Amended Complaint.  ECF Nos. 8 at 7, 135 at 4.

      b.     <u>Starr Insurance Companies</u>.

Starr argues that Signature Flight has new counsel (*see* ECF No. 112) seeks to change the theory of its case and reopen discovery regarding subrogation in "recognition" that its apparent authority defense "is factually and legally weak." ECF No. 136 at 2.  Starr contends a party should not be allowed to change theories of a case when an initial theory fails to be successful.  *Id*.  Starr submits "there is no dispute" that the aircraft itself was listed as insured under the policy, and the policy includes "coverage for non-owned aircraft in the custody or control of the named insured." *Id*.  Moreover, Starr states liability discovery was completed during the period of discovery that commenced on June 15, 2022. *Id*. at 4. *See also* ECF No. 31. While five months later, on November 7, 2022, the parties stipulated to bifurcate discovery, agreeing that the "parties … [would] conduct limited discovery regarding the enforceability of the Landing Card" (ECF No. 40 at 4), there is nothing before the Court demonstrating Signature was in any way prevented from conducting discovery pertaining to subrogation and coverage during the initial five month period of discovery.

Starr points to Federal Rule of Civil Procedure 16(b)'s "good cause" requirement and argues "Signature has not discussed why the discovery it new [sic] seeks was not conducted previously[;] nor has Signature shown good cause why this was not completed during the thirteen … months of liability discovery." *Id*. at 5-6.  Starr says if discovery is reopened, there will be another set of dispositive motions filed delaying the trial in contravention of Rule 1 of the Federal Rules of Civil

Procedure. *Id.* at 6. The delay of trial will prejudice Starr and result in "significant fees and costs" when conducting the "re-do" discovery. *Id.* Finally, Starr argues that denial of Signature's request to reopen discovery does not preclude Signature from raising its new defense to the claim raised by Starr. *Id.* at 6-7.

**III.     Discussion**

　　　　a.　　　The November 2022 Stipulation.

As a starting point, the parties do not dispute that damages discovery may proceed as contemplated in their November 2022 Stipulation. ECF Nos. 135 at 4, 136 at 2. *See also* ECF No. 40 at 5. As previously stated, however, at its core Signature seeks to expand the scope of discovery agreed to and reopen discovery for purposes of gathering facts and retaining experts on Starr's status as a subrogee. To the extent Signature contends the parties' November 2022 Stipulation contemplated the expanded discovery currently sought, the Court disagrees. The language defining the scope of discovery is clear. The Court was to set a status conference "and to schedule any further discovery on damages …" ECF No. 40 ¶ 7. *See also id.* at 3-4 ("if it is determined the Landing Card does not preclude … [Signature's] liability, then discovery concerning damages and determination of damages will proceed …."). While the Stipulation also says the Court will "discuss if a trial is necessary and any remaining issues," (*id.*) the wording regarding discovery is complete in and of itself. Thus, the Court rejects the argument that the Stipulation expressly included an intent to allow the parties to reopen discovery for purposes other than what is stated.

Nonetheless, the Court considers the entire sentence in paragraph 7 of the November 2022 Stipulation and will not interpret the paragraph in a manner that renders any part superfluous. To this end, the language stating the Court is to set a post-summary judgment status conference "to identify and discuss … any remaining issues" is broad enough to, at a minimum, contemplate that one or both parties could move to expand the scope of discovery agreed upon that, effectively, could reopen liability discovery already concluded.

b.      Applicable Legal Standards.

i.      *Good Cause*

When modification of a scheduling order is sought, the party seeking that modification must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Federal Rule of Civil Procedure 16(b)(4)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify the scheduling order. *Id*. (internal citations omitted).

Carelessness is not good cause for extending a discovery deadline. *Id*. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. (internal citations omitted). "If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

ii.      *Excusable Neglect*

Where a motion is made to extend a deadline after the deadline has expired, the movant must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). *See also* LR IA 6-1; LR 26-3. When considering whether Starr demonstrates excusable neglect here, the Court examines four factors: "(1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation and quotation marks omitted); *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

iii.      *Reopening Discovery*

Reopening of discovery requires the Court to consider: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether

the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted). Courts in the Ninth Circuit hold diligence (as discussed in *Johnson v. Mammoth Recreations*) remains the most important factor for consideration. *PlayUp, Inc. v. Mintas*, Case No. 2:21-cv-2129-GMN-NJK, 2025 315118, at *5 (D. Nev. Jan. 27, 2025) ("Moreover, the Ninth Circuit has made clear that a lack of diligence defeats a motion to reopen discovery even when the discovery sought would be important to the case.") (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) which found the district court acted "well within its sound discretion" in denying request to reopen the discovery cutoff for lack of diligence, "even in the face of requested supplemental discovery that might have revealed highly probative evidence")). *See also Estate of Forrest v. Multnomah County*, Case No. 3:20-cv-1689-AR, 2023 WL 7545520, at *1 (D. Ore. Nov. 14, 2023) (citing *Mammoth Recreations*, 975 F.2d at 609); *Shijiazhuang Hongray Group v. World Trading 23, Inc.*, Case No. 5:21-cv-00972-FWS-KK, 2023 WL 2629890, at *4 (C.D. Cal. Mar. 10, 2023) ("On balance, four of the six *Pomona* factors, including the most important factor, Defendants' diligence, weigh against reopening discovery.").

        c.     <u>Signature Does not Demonstrate Diligence</u>.

First, Signature's entire argument in support of its diligence is stated in one sentence that ignores discovery conducted before November 7, 2022. Specifically, Signature states: "As set forth above, because the parties pursued the exclusive issue of authority and the validity of the waiver, liability discovery was set aside and there has been no lack of diligence in obtaining discovery at this juncture." ECF No. 135 at 7. Signature is silent with respect to the five months of discovery that predated the November 2022 Stipulation. ECF No. 135 at 4-5. Signature also ignores the fact that it denied Starr's contention that 60-206 LLC was an insured in April 2022. *Id*. at 4. Signature does not mention its Second Affirmative Defense (that Starr lacked standing) to the Amended Complaint. *Id., generally*. It is Signature Flight's burden to establish good cause for its failure to conduct discovery that, at a minimum, could have been conducted between June and November

8

2022.  The argument that Signature did not conduct such discovery after November 2022 does not carry the day.

Second, Signature's failure to engage in discovery during the months of June through early November 2022 is problematic given that it asserted that "Plaintiff lacks standing and/or capacity to bring this action" in April 2022.  ECF Nos. 8 at 7; 9 at 7; 10 at 7.  Having asserted this affirmative defense, and having denied 60-206 LLC was a Starr insured, demonstrates Signature then-believed Starr might not be a subrogee of 60-206 LLC and arguably lacked standing to maintain this action.

Third, the Court finds there is a strong and reasonable inference that Signature had access to coverage documentation on which it relies long before the Status Conference contemplated by the November 2022 Stipulation (ECF No. 40 at 7), which occurred post-summary judgment and remand from the Ninth Circuit on January 16, 2026 (ECF No. 123).  Indeed, Signature provided the Court with three documents produced by Starr regarding the insurance policy on which it depends to argue Starr's inability to maintain this action.  ECF Nos. 135-1, 135-2, 135-3.  The parties exchanged initial disclosures on June 14, 2022, one day before the initial scheduling order was entered on June 15, 2022.  ECF No. 31 at 9.  The initial disclosure date was confirmed in the Second Amended Case Management report filed on September 12, 2022.  ECF No. 31 at 9.  The Bates stamped numbers on the insurance document are respectively 6 (ECF No. 135-1), 27 (ECF No. 135-2), and 136-145 (ECF No. 135-3). Bates numbers 6 and 27 strongly suggest these documents were part of Starr's June 15, 2022 initial disclosures.  The Court finds it reasonable to infer the documents at Bates numbers 136-145 were also part of the initial disclosures.  Signature is silent with respect to when it obtained these documents.  There is no suggestion that the insurance coverage information was not disclosed until after November 2022.  *See* ECF No. 135, *generally*.

Fourth, Signature has new counsel as of November 14, 2025—that is after summary judgment and remand from the Ninth Circuit. ECF No. 112.  While "good cause" may be established through a showing that prior counsel was "grossly negligent," Signature does not make this argument. *Valentine v. Nielsen*, Case No. 16-cv-2357-W(KSC), 2018 WL 1281797 at *4 (S.D. Cal. Mar. 9, 2018) ("Parties may be able to satisfy the 'good cause' standard if they can show that a prior

attorney's actions were 'grossly negligent.'") (quoting *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Ultimately, it is Signature's burden to demonstrate diligence. *Johnson*, 975 F.2d at 610. The question as explained by Signature is whether Starr has standing to bring this subrogation action. ECF No. 135 at 4. This question is potentially case dispositive. Why this potentially dispositive issue was not part of discovery efforts before the November 2022 Stipulation remains unsupported by any explanation or reason, let alone a reason demonstrating diligence. In the absence of any reason explaining why Signature failed to diligently pursue relevant evidence during a five month period before it agreed to focus on the Landing Card leaves the Court without showing of diligence. *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (holding that it is not an abuse of the district court's discretion to refuse to reopen discovery where the movant had "ample opportunity to conduct discovery" prior to its request to reopen). Thus, and said plainly, in the absence of diligence, the Court's inquiry ends and Signature's request to reopen discovery is denied.

**IV.   Order**

Based on the foregoing, IT IS HEREBY ORDERED that liability discovery is not reopened for purposes of conducting depositions, retaining experts, or engaging in other forms of discovery related to Signature Flight Support LLC's contention that Starr Insurance Companies have no standing to bring this subrogation action. This Order does not preclude Signature from making this argument and presenting evidence (through testimony and documents) previously produced in support of the argument.

IT IS FURTHER ORDERED that discovery into damages will proceed. The parties are to meet and confer regarding a scheduling order regarding the discovery permitted. The proposed order should include the date for submission of a joint proposed pretrial order.

Dated this 21st day of May, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

10